UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARTHA L. McMILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:09CV00157CEJ |
| v. ) | |
| ) | |
| METRO, ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Comes now Defendant The Bi-State Development Agency of the Missouri-Illinois Metropolitan District, d/b/a Metro, and for its Answer and Affirmative Defenses to Plaintiff's Employment Discrimination Complaint, states as follows:

1.  Defendant admits Plaintiff purports to state a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 USC Sections 2000e et seq., but Defendant denies that Plaintiff has stated a cause of action upon which relief can be granted and further denies that Defendant violated Title VII of the Civil Rights Act of 1964.

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 2 of Plaintiff's Complaint and therefore denies same.

3.  Defendant admits that its proper name is The Bi-State Development Agency of the Missouri-Illinois Metropolitan District and does business under the name of " Metro".

4. Defendant denies that Defendant engaged in any discriminatory conduct, but Defendant admits that it maintains a facility located at 3330 Spruce Street, St. Louis, Missouri 63103.

5. Defendant denies the allegations stated in paragraph 5 of Plaintiff's Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 6 of Plaintiff's Complaint and therefore denies same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 7 of Plaintiff's Complaint and therefore denies same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 8 of Plaintiff's Complaint and therefore denies same.

9. No answer is filed as to paragraph 9 of Plaintiff's Complaint, as Plaintiff does not assert a claim of age discrimination.

10. Defendant denies the allegations stated in paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations stated in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations stated in paragraph 12 of Plaintiff's Complaint. Further, Defendant objects to paragraph 12 of Plaintiff's Complaint in that Plaintiff does not set forth a short and plain statement of the claim showing that Plaintiff

is entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure. Defendant expressly denies that Plaintiff was subjected to any form of sexual harassment by Defendant or its employees.

13. Defendant denies that the acts set forth in paragraph 12 of Plaintiff's Complaint occurred, but Defendant admits that Plaintiff was not being subjected to any form of discrimination or harassment by Defendant at the time she filed her Complaint.

### First Affirmative Defense

Further answering and for its first affirmative defense to Plaintiff's Complaint, Defendant states that Plaintiff fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Further answering and for its second affirmative defense to Plaintiff's Complaint, Defendant states that Plaintiff fails to set forth a short and plain statement of her claim showing that Plaintiff is entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure, and, thus, Plaintiff fails to state a cause of action upon which relief can be granted.

### Third Affirmative Defense

Further answering and for its third affirmative defense to Plaintiff's Complaint, Defendant states that all employment actions taken with respect to Plaintiff were taken for legitimate non-discriminatory reasons, and, thus, Plaintiff has failed to state a cause of action upon which relief can ge granted.

### Fourth Affirmative Defense

Further answering and for its fourth affirmative defense to Plaintiff's Complaint, Defendant states that Plaintiff fails to identify any conduct of a sexual nature, and, thus, fails to state a cause of action upon which relief can be granted for sexual harassment.

### Fifth Affirmative Defense

Further answering and for its fifth affirmative defense to Plaintiff's Complaint, Defendant states that Plaintiff fails to allege any allegations of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and, thus, Plaintiff fails to state a cause of action upon which relief can be granted for improper retaliation in violation of Title VII of the Civil Rights Right of 1964, as amended.

### Sixth Affirmative Defense

Further answering and for its sixth affirmative defense to Plaintiff's Complaint, Defendant states that Plaintiff has failed to mitigate her damages.

WHEREFORE, having fully answered Plaintiff's employment discrimination complaint, Defendant prays this Court for its Order dismissing, with prejudice, Plaintiff's Complaint, or in the alternative, entering judgment in Defendant's favor and against Plaintiff, awarding Defendant its costs and attorney's fees as the prevailing party herein, and granting such other and further relief as this Court deems just and proper.

/s/ James C. Hetlage
James C. Hetlage          #3391
LASHLY & BAER, P.C
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939
(314) 621-6844 (Fax)
jhetlage@lashlybaer.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed this 26th day of March, 2009, to: Ms. Eartha L. McMiller, Plaintiff, 12665 Shoreside Drive, Florissant, Missouri 63033.

/s/ James C. Hetlage
