UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARTHA L. MCMILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:09-CV-157 (CEJ) |
| | ) |
| METRO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Bi-State Development Agency of the Missouri-Illinois Metropolitan District, d/b/a Metro, (Metro), and Louis Brown (Brown) to dismiss plaintiff's first amended complaint and supplemental pleadings. Plaintiff has responded and the issues are fully briefed.

I.  **Background**

In or about October 2007, plaintiff Eartha L. McMiller filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Metro, her employer. On November 14, 2007, plaintiff also filed a charge of discrimination against Metro with the Missouri Commission on Human Rights. In her charge of discrimination, plaintiff alleged that Metro had discriminated against her on the basis of "sex" and "retaliation." (Doc. #22-2).

On January 26, 2009, McMiller brought this action against Metro, alleging various forms of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, including unlawful termination of employment, retaliation, and sexual harassment. On May 6, 2009, plaintiff filed

a first amended complaint naming only Louis Brown, her former supervisor at Metro, as a defendant. In the amended complaint, plaintiff asserts claims of unlawful termination of employment, retaliation, and sexual harassment, in violation of Title VII, and age discrimination, in violation of the Age Discrimination in Employment Act of 1977, as amended (ADEA), 29 U.S.C. §§ 621, *et seq.*

On May 22, 2009, plaintiff filed two documents, titled "Simplified Copy of My Improper Procedures of Dismissal" and "Simplified Copy of My Sexual Harassment Complaint That Took Place at Metro." The caption of each document lists Brown as the only defendant. (Doc. #18; #18-2). On May 28, 2009, plaintiff filed another document, titled "Modification Made To My Simplified Copy Of My Improper Dismissal," which bears a caption listing only Brown as the defendant. (Doc. #19, at 2).

On June 3, 2009, Brown and Metro filed a motion to dismiss plaintiff's first amended complaint and subsequent pleadings. In response, on June 19, 2009, plaintiff filed additional documents in which she names both Metro and Brown as defendants in the caption. (Doc. #24; #25).

II. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v.

Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

### III. Discussion

In her first amended complaint and subsequent pleadings, plaintiff asserts claims against Brown and Metro for violations of the ADEA and Title VII. The Court will address each claim in turn.

### A. Plaintiff's Age Discrimination Claim

"Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." Shelton v. Boeing Co., 399 F.3d 909, 912 (8th Cir. 2005) (citing Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 835 (8th Cir. 2002)). See also Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994); Woelbling v. R.C. Wilson Co., 966 F. Supp. 858, 861 (E.D. Mo. 1997). A claimant must first file "a charge alleging unlawful

discrimination . . . with the Equal Employment Opportunity Commission." 29 U.S.C. § 626 (d)(1).

> The Eighth Circuit has written that:
>
> "In determining whether an alleged discriminatory act falls within he scope of a [discrimination] claim, the administrative complaint must be construed liberally 'in order not to frustrate the remedial purposes of [the ADA and the ADEA]' and the plaintiff may seek relief for any discrimination that grow out of or is likely or reasonably related to the substance of the allegations in the administrative charge." Nichols v. Am. Nat. Ins. Co., 154 F.3d 875, 886-87 (8th Cir. 1998) (citations and internal citation omitted). "Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1998) (citation omitted). Allegations outside the scope of the EEOC charge, however, circumscribe the EEOC's investigation and conciliatory role, and for that reason are not allowed. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994).

Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000).

In the instant case, plaintiff timely filed a charge of discrimination with the EEOC asserting claims of discrimination based on sex and retaliation. However, the charge of discrimination contains no allegations of age discrimination. There is no indication that the EEOC investigated or attempted to conciliate any claim of age bias, or that such a claim would reasonably be expected to grow out of the investigation of the claims set forth in the plaintiff's charge. The Court finds that plaintiff has failed to exhaust administrative remedies with respect to her age discrimination claim. As such, the Court will dismiss plaintiff's age discrimination claim against Brown and Metro.

### B. Plaintiff's Title VII Claim Against Brown

In her first amended complaint and subsequent pleadings, plaintiff alleges that defendant Brown, who was her supervisor, engaged in conduct in violation of Title VII. It is well-settled law that "[i]ndividual supervisors cannot be liable under Title VII or the ADEA." Seckel v. Hazelwood Bowl, LLC, No. 4:07CV1909 CEJ, 2008 WL 1923263, *1 (E.D. Mo. Apr. 28, 2008), citing Roark v. City of Hazen, Arkansas, 189 F.3d 758, 761 (8th Cir. 1999) (citing Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997); Herrero v. St. Louis Univ. Hosp., 929 F.Supp. 1260, 1266 (E.D. Mo. 1996); Griswold v. New Madrid County Group Practice, Inc., 920 F.Supp. 1046 (E.D. Mo. 1996)). Therefore, the Court finds that plaintiff's Title VII claims against Brown fail to state a claim upon which relief can be granted.

### C. Plaintiff's Title VII Claims Against Metro

In her original complaint, plaintiff asserts allegations of sexual harassment and retaliation in violation of Title VII against Metro. However, in her first amended complaint, plaintiff does not identify Metro as a defendant. In response to defendants' motion to dismiss, plaintiff contends that her omission was an oversight. (Doc. #25). While plaintiff should have named Metro in the caption of the amended complaint, her failure to do so is not fatal. In the body of the amended complaint, plaintiff alleges that she was informed of her dismissal by Tony Miller, a Metro employee, and that the termination of her employment by Metro was discriminatory. Thus, it is clear that plaintiff intended to continue her claims against Metro in the amended complaint.

Metro nevertheless maintains that plaintiff has failed to allege sufficient facts to support her Title VII sexual harassment and retaliation claims against it.

### 1. Sexual Harassment

"Title VII prohibits employers from discriminating based on sex with respect to compensation, terms, conditions, or privileges of employment." Jenkins v. Winter, 540 F.3d 742, 748 (8th Cir. 2008) (citing 42 U.S.C. § 2000e-2(a)(1)). "Discrimination based on sex that creates a hostile or abusive working environment violates Title VII." Jenkins, 540 F.3d at 748 (citing Brenneman v. Famous Dave's of Am., Inc., 507 F.3d 1139, 1143 (8th Cir. 2007), quoting Weger v. City of Ladue, 500 F.3d 710, 718 (8th Cir. 2007)). "A hostile work environment arises when sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." Anda v. Wickes Furniture Co., Inc., 517 F.3d 526, 531 (8th Cir. 2008) (citation omitted).

> The Eighth Circuit has stated that:
>
> To establish a prima facie hostile work environment claim for co-worker harassment, [a claimant] must prove: (1) she was a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a casual nexus between the harassment and her membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt and effective remedial action.
>
> For supervisor harassment, [a claimant] must prove only the first four elements to establish a prima facie case. If a prima facie case is

shown, the employer is vicariously liable unless it demonstrates that it is entitled to the <u>Ellerth-Faragher</u> affirmative defense.[1]

<u>Jenkins</u>, 540 F.3d at 748-49 (internal citations omitted).

In the instant case, plaintiff asserts a claim for supervisor sexual harassment. Plaintiff alleges in her supplemental pleading that, in April 2007, "Mr. Brown put his arms around [her] shoulders and quickly gave [her] a kiss on the side of [her] face near [her] eyes." (Doc. #18-2, at 1). Plaintiff states that she told Brown, "[Y]ou better be careful of that type of behavior[;] I am not comfortable with that type of action from you." <u>Id.</u> Plaintiff further alleges that, "towards the end of May 2007 . . . Mr. Brown was in [her] office [and] he attempted to put his arm around [her] shoulder again[.]" <u>Id.</u> at 2. After this incident, plaintiff asserts that she "was not able to communicate with him about anything concerning [her] job." <u>Id.</u> Plaintiff also claims that, in July 2007, Brown called her into his office and forcibly asked her to use a pair of tweezers to remove hair from his chin. Plaintiff alleges that:

> [When she] proceeded to leave out of his office[,] Mr. Brown got up from his chair and came behind [her] to leave out along with [her], and before existing [sic] out . . . of his office, he put his hand around [her] right [wrist] while [she] was touching the door knob and turned [her] towards him, quickly turn[ed her] him and place[d] his arms around the top of [her] shoulders and neck and kissed [her] on the side of [her] face and forehead, and said to [her], you are going to learn this job and I am not going to let anything happen to you while you are on this job.

---

[1] "The [<u>Ellerth-Faragher</u>] defense has two elements: (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) the employee unreasonably failed to take advantage of any preventative or corrective opportunities by the employer or to otherwise avoid harm." <u>Jenkins</u>, 540 F.3d 742, 750-51 (citing <u>Brenneman</u>, 507 F.3d at 1145).

(Doc. #18-2, at 2). Moreover, plaintiff complains that Metro terminated her because she rejected Brown's sexual advances. (Doc. #25, at 12). Based on the foregoing, the Court finds that plaintiff's allegations are sufficient to state a *prima facie* case of supervisor sexual harassment, wherein Metro could possibly be vicariously liable. Therefore, the Court will not dismiss plaintiff's Title VII sexual harassment claim against Metro.

2.  **Retaliation**

"To demonstrate a prima facie case of retaliation [under Title VII, a claimant] must show: '1) [she] engaged in protected conduct; 2) a reasonable [member] would have found the challenged retaliatory action materially adverse; and 3) the materially adverse action was causally linked to the protected conduct.'" Franklin v. Local 2 of the Sheet Metal Workers Int'l Ass'n, 565 F.3d 508, 520 (8th Cir. 2009).

In the instant case, plaintiff engaged in protected activity when she filed her charge of discrimination with the EEOC in October 2007. The record shows that Metro terminated plaintiff's employment on August 28, 2007. Because Metro terminated plaintiff before she filed her discriminatory complaint, there is no causal connection between plaintiff's protected conduct and Metro's adverse employment action. Plaintiff alleges that she attempted to meet with Brown's manager, Kathy Hunt, to discuss "things concerning [her] job and . . . [Brown,]" prior to the termination. However, plaintiff admits that she never had the opportunity to discuss these matters with Ms. Hunt. Thus, plaintiff has alleged no protected

activity occurring before the termination. As such, plaintiff has failed to allege sufficient facts to support her Title VII retaliation claim against Metro.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Bi-State Development Agency of the Missouri-Illinois Metropolitan District, d/b/a Metro, and Louis Brown to dismiss [Doc. #21] is **granted in part and denied in part**.

An Order of Partial Dismissal is filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2009.