UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARTHA L. MCMILLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:09-CV-157 (CEJ) |
| METRO, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District, d/b/a Metro, for summary judgment. Plaintiff Eartha L. McMiller has filed a response to Metro's statement of uncontroverted facts and a memorandum in opposition to Metro's motion for summary judgment.[1]

I.  **Background**

In October 2007, McMiller filed a charge of discrimination with the Equal Employment Opportunity Commission against Metro, her employer. On November 14, 2007, McMiller also filed a charge of discrimination against Metro with the Missouri Commission on Human Rights. In the administrative proceedings, McMiller asserted claims of sex discrimination and retaliation. (Doc. #22-2).

On January 26, 2009, McMiller filed a complaint against Metro, alleging various forms of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, including unlawful termination of employment, retaliation,

---

[1]. McMiller failed to cite to specific portions of the record to support her objections to Metro's statement of uncontroverted facts. (Doc. #63). "Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party shall also note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement shall be deemed admitted for the purposes unless specifically controverted by the opposing party." E.D. Mo. L.R. 4.01(E).

and sexual harassment. On May 6, 2009, McMiller filed a first amended complaint and supplemental pleadings against Louis Brown, McMiller's former supervisor at Metro, alleging unlawful termination of employment, retaliation, and sexual harassment, in violation of Title VII, and age discrimination, in violation of the Age Discrimination in Employment Act of 1977, as amended, 29 U.S.C. §§ 621, *et seq*. McMiller did not name Metro as a defendant in the first amended complaint. On May 22, 2009, McMiller filed a supplemental pleading, titled "Simplified Copy of My Sexual Harassment Complaint That Took Place at Metro." [Doc. # 18]. This supplemental pleading purports to explain the basis for her complaint of discrimination in greater detail.

McMiller began working for Metro on March 19, 2007, as a supervisor in the parts storeroom. She alleges in the supplemental pleading three incidents of "sexual advances" made by Brown:

> McMiller alleges that in April 2007, "Mr. Brown put his arms around my shoulders and quickly gave me a kiss on the side of my face near my eyes." (Doc. #18-1, at 1). McMiller states that she told Brown, "[D]on't do that, you better be careful of that type of behavior, I am not comfortable with that type of action from you."
>
> McMiller next describes an encounter with Brown that occurred "towards the end of May 2007." McMiller alleges that, "While Mr. Brown was in my office he attempted to put his arm around my shoulder again and I pushed him away very quickly and stated to him, I have told you about this before, don't do that and Brown['s] entire demeanor became very bias [sic] and angry towards me" After this incident, McMiller states that she "was not able to communicate with [Brown] about anything concerning [her] job." Id.
>
> McMiller alleges that in July 2007, Brown called her into his office and told her to remove an ingrown hair from his chin with a pair of tweezers. Id. McMiller initially refused, but relented when Brown repeated his request "in a very demanding tone of voice." When McMiller stated that she couldn't see the hair, Brown allegedly told her to "look again" and stated "you know I can terminate you." McMiller states that as she was leaving the office, Brown put his hand around her wrist, placed his arm around her shoulders and kissed her on the side of her face and on her forehead. McMiller alleges that Brown then said, "you are going to learn this job and I am not going to let anything happen to you while you are on this

job." McMiller responded, "I am not worried, because, I am learning and conducting the tasks of my job, the way you instructed me to do." After Brown went home for the day, McMiller continued to work.

(Doc. #18-1, pp. 1-2)

McMiller testified in her deposition that she sent an email to Brown on June 29, 2007. In that email, she wrote, "If [my co-workers] don't want me here I really don't care, as long as you want me here and I conduct myself properly and do my job." (McMiller Depo., at p. 267, lines 23-25; 268, lines 1-13). McMiller's employment with Metro ended on August 28, 2007.

Previously, the Court granted the defendants' joint motion to dismiss, in part, by dismissing all but McMiller's Title VII supervisor sexual harassment claim against Metro. Metro now moves for summary judgment on that claim.

II. **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but

must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).

### III. Discussion

"Title VII prohibits employers from discriminating based on sex with respect to compensation, terms, conditions, or privileges of employment." Jenkins v. Winter, 540 F.3d 742, 748 (8th Cir. 2008) (citing 42 U.S.C. § 2000e-2(a)(1)). "Discrimination based on sex that creates a hostile or abusive working environment violates Title VII." Jenkins, 540 F.3d at 748 (citing Brenneman v. Famous Dave's of Am., Inc., 507 F.3d 1139, 1143 (8th Cir. 2007), quoting Weger v. City of Ladue, 500 F.3d 710, 718 (8th Cir. 2007)). "A hostile work environment arises when sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." Anda v. Wickes Furniture Co., Inc., 517 F.3d 526, 531 (8th Cir. 2008) (citation omitted).

To establish a *prima facie* case of hostile work environment in an action involving co-worker harassment, a plaintiff must prove that: "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper remedial action." Hervey v. County of Koochiching, 527 F.3d 711, 721 (8th Cir. 2008). "For supervisor sexual harassment,[ a plaintiff] must prove only the first four elements to establish a prima facie case. If

a prima facie case is shown, the employer is vicariously liable unless it demonstrates that it is entitled to the Ellerth-Faragher affirmative defense."[2]  Jenkins, 540 F.3d at 748-49 [*citing*, Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775 (1998)].

In this case, McMiller asserts a supervisor sexual harassment claim against Metro based on alleged conduct by Brown.  The parties do not dispute that McMiller belongs to a protected group, and that Brown's alleged harassment was unwelcome.  However, Metro argues that McMiller has failed to produce sufficient evidence to establish the third and fourth elements.

The "based on sex" element requires a plaintiff to "prove that she was the target of harassment because of her sex and that the offensive behavior was not merely non-actionable, vulgar behavior." Hervey, 527 F.3d at 722 (*citing* Pedroza v. Cintras Corp. No. 2, 397 F.3d 1063, 1068 (8th Cir. 2005)).  This burden of proof cannot be met by a mere recitation of a list of abusive actions and a claim that the actions were taken because of the plaintiff's sex.  Id.  Nor is it met by " a few isolated incidents" of harassment. Tuggle v. Mangan, 348 F.3d 714, 720 (8th Cir. 2003)

Here, McMiller has produced insufficient evidence to establish the third element of her prima facie case, *i.e.*, that Brown's alleged behavior constitutes harassment based on sex.  Like the plaintiff in Hervey, supra, McMiller recounts three incidents occurring during a four-month period that she characterizes as "sexual advances" by Brown.  These incidents include kissing plaintiff on the side of her face and forehead, putting an arm around plaintiff's shoulder, touching plaintiff's wrist, and ordering

---

[2]"The [Ellerth-Faragher] defense has two elements: (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) the employee unreasonably failed to take advantage of any preventative or corrective opportunities by the employer or to otherwise avoid harm." Jenkins, 540 F.3d 742, 750-51 (citing Brenneman, 507 F.3d at 1145).

plaintiff to remove a facial hair. While this behavior can best be described as inappropriate, it pales in comparison to more egregious behavior that the Eighth Circuit has deemed not to be sexual harassment. See LeGrand, 394 F.3d at 1102-03 (allegations that board member asked plaintiff to watch pornographic movies and masturbate with him, kissed plaintiff in the mouth, grabbed plaintiff's buttocks and thigh, and reached for plaintiff's genitals held insufficient to support a hostile environment sexual harassment claim); Duncan v. General Motors Corp., 300 F.3d 928 (8th Cir. 2002) (evidence that co-worker made sexual proposition to plaintiff, asked her to draw a picture of an object that was designed to appear to have a penis, improperly touched plaintiff on multiple occasions, displayed photo of nude woman on his computer screen and kept a penis-shaped pacifier in his office was held insufficient to support jury's verdict in favor of plaintiff).

The Court further finds that McMiller has failed to present evidence sufficient to establish the fourth element of her prima facie case. To establish this element, a plaintiff "must demonstrate the unwelcome harassment was sufficiently severe and pervasive as to affect a term, condition, or privilege of employment by creating an objectively hostile or abusive environment." LeGrand v. Area Resources for Community and Human Services, 394 F.3d 1098, 1101 (8th Cir. 2005). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - an environment that a reasonable person would find hostile or abusive - is beyond Title VII's purview." Duncan, 300 F.3d at 934. "In determining whether the conduct is sufficiently severe or pervasive, [the Court must examine] the totality of the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Duncan,

300 F.3d at 934 [*quoting*, Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)]. See also Baker v. John Morrell & Co., 382 F.3d 816, 828 (8th Cir. 2004).

Here, the conduct attributed to Brown was infrequent, it was neither threatening nor humiliating, and there is no evidence that it unreasonably interfered with McMiller's work. This finding is buttressed by McMiller's June 29, 2007 email to Brown. Additionally, McMiller continued to perform her job until August 2007, and she offers no evidence that Brown's actions unreasonably interfered with the performance of her duties. Although Brown's conduct may have made McMiller uncomfortable, "in light of the demanding standard set by the Supreme Court and by *Duncan* and its progeny," it cannot be said that it rises to the level of actionable hostile work environment sexual harassment. LeGrand, 394 F.3d at 1102.

For the above reasons, the Court concludes that Metro is entitled to summary judgment on McMiller's sexual harassment claim.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District, d/b/a Metro, for summary judgment with regard to plaintiff Eartha L. McMiller's Title VII sexual harassment claim [Doc. #21] is **granted**.

Judgment will be entered in favor of defendant Metro.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2010.